Michael G. Derrick (*pro hac vice* forthcoming)
mderrick@swlawpllc.com
Christopher H. Crain (*pro hac vice* forthcoming)
ccrain@swlawpllc.com
SHUTTLEWORTH, PLLC
6077 Primacy Parkway, Suite 200
Memphis, TN 38119
Telephone: (901) 526-7399/Facsimile (901) 526-5056

William H. Ford, III/SBN 52382
william.ford@fordlawfirm.com
Michael D. Collins/SBN 166319
michael.collins@fordlawfirm.com
COLLINS | FORD, LLP
18801 Ventura Boulevard, Suite 305
Tarzana, CA 91356
Telephone (818) 343-2648/Facsimile (818) 296-9550

Attorneys for ULTRAMAR, INC. dba VALERO WILMINGTON REFINERY, a Nevada corporation

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULTRAMAR, INC. dba VALERO WILMINGTON REFINERY, a Nevada corporation, | CASE No.: _____ |
| Plaintiff, | COMPLAINT FOR: |
| vs. | DECLARATORY JUDGMENT |
| OLD REPUBLIC INSURANCE COMPANY, a Pennsylvania corporation, and GREENWICH INSURANCE COMPANY, a Connecticut corporation, | TORTIOUS BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING |
| Defendants. | |

1

## NATURE OF THE ACTION

2

1.      Plaintiff Ultramar, Inc. d/b/a Valero Wilmington Refinery, a Nevada

3

corporation, (hereinafter "Valero" or at times "Plaintiff") by and through counsel

4

seek declaratory judgment and relief regarding the rights and obligations of

5

insurers Old Republic Insurance Company, a Pennsylvania corporation ("Old

6

Republic" at times) and Greenwich Insurance Company, a Connecticut corporation

7

("Greenwich" at times) to provide for their defense and to indemnify them in

8

connection with an underlying lawsuit. Valero also seeks money damages for

9

breaches of said insurers' implied covenants of good faith and fair dealing.

10

11

## THE PARTIES

12

2.      Plaintiff, Ultramar, Inc. d/b/a Valero Wilmington Refinery, is a

13

corporation organized and existing in the state of Nevada and authorized in

14

conducting business in the state of California throughout the County of Los

15

Angeles with a principal place of business at 1 Valero Way, San Antonio, Texas

16

78249.

17

3.      Defendant, Old Republic Insurance Company, is a corporation

18

organized and existing under the laws of Pennsylvania and is authorized and

19

conducts business in the state of California with a principal place of business at

20

133 Oakland Avenue, Greensburg, Pennsylvania 15601-0789.

21

4.      Defendant, Greenwich Insurance Company, is a corporation organized

22

and existing under the law of the state of Connecticut and is authorized in

23

conducting business in the state of California and the county of Los Angeles with

24

business offices located 725 South Figueroa Street, Suite 4000, Los Angeles,

25

California 90017 with its principal place of business at 70 Seaview Avenue,

26

Stamford, Connecticut 06902.

27

////

28

////

Complaint for Declaratory Judgment

2

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the subject matter of this declaratory judgment action pursuant to 28 U.S.C. §1332(a)(1) and 2201(a). Plaintiff and Defendants are diverse in citizenship and the amount the controversy exceeds $75,000. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, because a substantial part of the events and omissions giving rise to this claim occurred in this district and the underlying lawsuit is pending in this district.

## THE WORK AGREEMENT BETWEEN THE VALERO ENTITIES AND EATON ELECTRICAL, INC.

6.     On or about October 15, 2007, Valero entered into a multi-site sales and service agreement with Eaton Electrical, Inc. ("Eaton") in connection with Eaton furnishing certain labor, materials, supplies, tools, equipment and services to Valero (hereinafter the "Eaton/Valero MSA").  Among other things, Eaton agreed to obtain, provide and maintain certain insurance including liability coverage for Valero; specifically, Eaton became thereby obligated to maintain Commercial General Liability insurance naming Plaintiff as an additional insured "to the fullest extent permitted by applicable law such that the breadth of coverage afforded to [Valero] under the policies is at least as broad as that afforded [Eaton]" with a total of $10,000,000 combined single limits.

## THE WORK AGREEMENT BETWEEN THE VALERO ENTITIES AND EIU/BRINDERSON

7.     On or about December 20, 2013, Valero entered into a work agreement with EIU/Brinderson in connection with EIU/Brinderson furnishing personnel, labor, parts and material to Valero's Wilmington Refinery in Anaheim, California (hereinafter the "EIU/Brinderson-Valero Agreement"). Among other things, EIU/Brinderson became thereby obligated to carry Commercial General Liability insurance naming Valero as an additional insured "to the fullest extent permitted by applicable law. . . arising from the performance of

Complaint for Declaratory Judgment

3

[EIU/Brinderson's] obligations under this Agreement (even if such losses arise out of any act, omission, failure to act or negligence on the part of [Valero]" with a $1,000,000 combined single limit.

## OLD REPUBLIC POLICY

8.      Plaintiff is informed and believes and on that basis alleges that Old Republic Insurance company issued a Commercial General Liability insurance policy to Eaton Corporation in connection with Eaton's work at the Valero Wilmington Refinery through policy no. MWZY304046 with effective Dates of January 1, 2017, through January 1, 2018. On information and belief Valero alleges that Old Republic's Policy also provides, in pertinent part:

A.      An insuring agreement covering bodily injury and death caused by an occurrence; and

B.      For Policy limits of $5,000,000 per occurrence, $10,000,000 products-completed operations aggregate and $10,000,000 general aggregate (other than products-completed operations).

## GREENWICH INSURANCE POLICY

9.      Upon information and belief, Greenwich Insurance Company issued a Commercial General Liability insurance policy to EIU/Brinderson, policy no. CGD300084901XCU, with effective dates of July 1, 2016, through July 1, 2017, in connection with the work and services performed by EIU/Brinderson at the Valero Wilmington Refinery. On information and belief Valero alleges that Greenwich's Policy also provides, in pertinent part:

A.      An insuring agreement covering bodily injury and death caused by an occurrence; and

B.      For Policy limits of $2,000,000 per occurrence, $4,000,000 products-completed operations aggregate and $4,000,000 general aggregate (other than products-completed operations).

////

Complaint for Declaratory Judgment

4

## THE UNDERLYING *SANCHEZ* ACTION

10.     On or about August 28, 2018, Sophia Sanchez and Jason Jose Sanchez filed a lawsuit in the Superior Court of California at Los Angeles against several Valero entities, EIU/Brinderson, Xenon, Inc. and others in connection with the electrocution death of Jason Alexander Sanchez. (hereinafter referred to as the "Underlying *Sanchez* lawsuit").[1] The Underlying *Sanchez* lawsuit alleges that on or about June 10, 2017, Mr. Sanchez, deceased, was an employee of Eaton when he was fatally electrocuted while performing maintenance work at the Valero Wilmington Refinery in Wilmington, California. The Underlying *Sanchez* lawsuit alleges the following facts, among others, in pertinent part:

A.     That at all times pertinent, EIU/Brinderson and other parties were the owners, operators, managers, maintainers, repairers, and/or controlled the property, structures, buildings located at the Valero Wilmington Refinery, and were the builders, designers, contractors, subcontractors, electricians, project managers, job superintendents, workers and/or foremen in connection with the premises and were the installers, technicians, maintainers, repairers and/or inspectors of the subject generator at the premises and took part in, were involved with, and were responsible for the inspection, maintenance, repair, installation, connection safety, supervision and other associated activities at the premises;

B.     That Mr. Sanchez was working on a transformer which supplied electricity to a laboratory at the refinery;

---

[1] The Underlying *Sanchez* action named three Valero entities: Ultramar, Inc. d/b/a Valero Wilmington Refinery, a Nevada corporation, Valero Refining Company-California, a Delaware corporation, Valero Services, Inc. a Delaware corporation. On May 4, 2020, Valero Refining Company-California and Valero Services, Inc. were ordered dismissed without prejudice.

Complaint for Declaratory Judgment

C.   That a generator was leased to provide temporary power to the laboratory while maintenance was being performed on the transformer;

D.   That on June 8, 2017, EIU/Brinderson and other parties caused and/or installed and/or connected the generator to the laboratory;

E.   That EIU/Brinderson and other parties represented to Eaton and Sanchez that the transformer was de-energized;

F.   That EIU/Brinderson and other parties failed to ground the generator;

G.   That Mr. Sanchez was electrocuted due to the negligence, carelessness, recklessness, and otherwise actionable conduct of EIU/Brinderson and other parties;

H.   That EIU/Brinderson and other parties negligently caused and/or allowed the transmission of electrical energy to be transferred to the transformer at the time when Eaton and Sanchez were performing maintenance upon it thereby causing Mr. Sanchez to be electrocuted; and

I.   That the negligence and otherwise actionable conduct of EIU/Brinderson and other parties was the direct and proximate cause of the electrocution of Sanchez which resulted in his death.

11.   On or about January 16, 2019, a First Amended Complaint was filed in the underlying *Sanchez* lawsuit. The First Amended Complaint contains the same or substantially similar allegations as those in the original Complaint.

12.   On or about March 4, 2020, a Second Amended Complaint ("SAC") was filed in the Underlying *Sanchez* lawsuit. The SAC contains the same or substantially similar allegations as those in the original Complaint and in the First Amended Complaint. A true and correct copy of the SAC is attached hereto as **Exhibit "A."**

////

Complaint for Declaratory Judgment

## THE CAL OSHA CITATION AS TO EATON

13.    As a result of the death of Mr. Sanchez, Eaton was cited by the California Division of Occupational Safety and Health (OHSA) for numerous safety violations occurring on and prior to June 10, 2017, in connection with Eaton's work at the Valero Wilmington Refinery, including the following violations of law:

     A.    Inadequate testing by Eaton to determine that the equipment and/or systems upon which Eaton employee Jason Sanchez was working was de-energized;

     B.    Eaton's failure to enforce the use of insulated gloves to be worn by Eaton's employees assigned to work on the subject transformer at the Valero Wilmington Refinery as Eaton employee Jason Sanchez, deceased, was not wearing insulated gloves prior to disconnecting the wiring cable from the subject transformer;

     C.    On and prior to June 10, 2017, Eaton's failure to verify and assign qualified persons to work on electrical equipment and systems; specifically, Eaton employees who were assigned to work on the subject transformer at the Valero Wilmington Refinery were determined not to be qualified persons in accordance with California Code of Regulation Title 8 Standards. The Eaton employees who performed work on the subject transformer were determined by OSHA not to be electricians by trade.

     D.    On and prior to June 10, 2017, Eaton's failure to verify that the main breakers upstream and downstream from the transformer at the Valero Wilmington Refinery were effectively and mechanically locked in the "open" position with a lock to prevent the transformer from being inadvertently energized, before allowing its employees to perform work on the transformer. Eaton employees assigned to disconnect the

Complaint for Declaratory Judgment

wiring cable from the transformer did not physically witness the lock out performed on the main breakers before they attempted to disconnect the wiring cable to the transformer on June 10, 2017; and

E. On and prior to June 10, 2017, Eaton's failure to verify if positive means were used to prevent the transmission of electricity generated by a portable generator.

14.     OSHA determined that the foregoing violations by Eaton were serious violations and, as a result, OSHA penalized Eaton in the total amount of $56,240 for the above referenced violations. A true and correct copy of the above referenced citation for violations by Eaton in connection with its work at the Valero Wilmington Refinery on and prior to June 10, 2017, is attached hereto as **Exhibit "B."**

## VARIOUS TENDERS TO OLD REPUBLIC

15.     Plaintiff is informed and believe, and on that basis allege, that Old Republic was placed on notice of the incident involving the death of Mr. Sanchez no later than July 14, 2017. Moreover, from time to time thereafter, Valero's counsel tendered their defense of the Underlying *Sanchez* lawsuit to Old Republic; however, Old Republic failed or refused to respond to any of the following:

A. On October 11, 2018, counsel for Valero tendered defense of the Underlying *Sanchez* lawsuit to Old Republic as an additional insured;

B. On March 22, 2019, counsel for Valero sent a follow-up tender to Old Republic again requesting defense and indemnity for Valero as an additional insured;

C. On September 11, 2019, counsel for Valero sent yet another follow-up tender to Old Republic again requesting defense and indemnity of the Underlying *Sanchez* lawsuit;

////
////

Complaint for Declaratory Judgment

D.      On March 17, 2020, counsel for Valero sent another follow-up tender to Old Republic again requesting defense and indemnity in connection with the Underlying *Sanchez* lawsuit; and

E.      Only July 31, 2020, counsel for Valero sent another follow-up tender to Old Republic again requesting defense and indemnity in connection with the Underlying *Sanchez* lawsuit.

16.     Old Republic has never acknowledged any of the foregoing communications nor sent any response either accepting or denying Valero's request for defense and indemnity of Valero as an additional insured.

**VARIOUS TENDERS TO GREENWICH**

17.     Valero placed Greenwich Insurance Company on notice of the incident involving the death of Mr. Sanchez and the underlying *Sanchez* lawsuit in at least the following ways:

A.      On June 26, 2017, Valero sent notice of the incident involving Mr. Sanchez to EIU/Brinderson and requested that said notice be forwarded to Greenwich; and

B.      On October 11, 2018, Valero sent notice of the Underlying *Sanchez* lawsuit to EIU/Brinderson and again asked that it be forwarded to Greenwich.

18.     On November 27, 2018, Greenwich denied Valero's tender of the defense in connection with the Underlying *Sanchez* lawsuit.

19.     On September 16, 2019, counsel for Valero re-tendered the defense of the Underlying *Sanchez* lawsuit to Greenwich and, again, on March 17, 2020, counsel for Valero re-tendered defense of the Underlying *Sanchez* lawsuit to Greenwich.

20.     By letter dated June 22, 2020, Greenwich denied Plaintiff's request for defense and indemnity.

////

Complaint for Declaratory Judgment

9

## FIRST CAUSE OF ACTION

### (Declaratory Relief Against Old Republic)

21.    Plaintiff restates and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth fully herein.

22.    An actual and justiciable controversy has arisen and presently exists between plaintiff and Old Republic concerning their respective rights and obligations under the Policy issued by Old Republic in that Valero contends, and Old Republic somehow disputes, each of the following:

A.    That Plaintiff is an additional insured under the Policy issued by Old Republic;

B.    That, in addition to the facts alleged on the face of the pleadings against Valero in the Underlying *Sanchez* lawsuit, there also exists extrinsic evidence establishing a potential for Valero's coverage under the Old Republic Policy in the form of the OSHA Citations as well as other documents, communications and such other facts as may be adduced at the time of trial or adjudication of Old Republic's defense obligation; and

C.    That Old Republic has had a continuing obligation to provide for the defense of Valero in the Underlying *Sanchez* lawsuit since the date it was first placed on notice thereof.

23.    A judicial determination is necessary and appropriate at this time in order that Plaintiff may ascertain its and Old Republic's rights and duties under the Old Republic policy.

## SECOND CAUSE OF ACTION

### (Declaratory Relief Against Greenwich)

24.    Plaintiff restates and incorporates by reference each and every allegation set forth in paragraphs 1-20, inclusive as though set forth fully herein.

////

Complaint for Declaratory Judgment

25.     An actual and justiciable controversy has arisen and presently exists between Valero and Greenwich concerning their respective rights and obligations under the Policy issued by Greenwich in that Valero contends, and Greenwich disputes, each and all of the following:

A.     That Valero is an additional insured under the insurance policy issued by Greenwich;

B.     That the factual allegations against Valero in the Underlying *Sanchez* lawsuit, as alleged hereinabove, create a potential that Valero may be liable for damages covered under the Greenwich Policy;

C.     That, in addition to the facts alleged on the face of pleadings against Valero in the Underlying *Sanchez* lawsuit, there also exists extrinsic evidence establishing a potential for Valero's coverage under the Greenwich Policy in the form of documents, communications and such other facts as may be adduced at the time of trial or adjudication of Greenwich's defense obligations; and

D.     That Greenwich has had a continuing obligation to provide for the defense of Valero in the Underlying *Sanchez* lawsuit since the date Greenwich was first placed on notice thereof.

26.     A judicial determination is necessary and appropriate at this time in order that Valero may ascertain its and Greenwich's rights and duties under the Greenwich Policy.

### THIRD CLAIM FOR RELIEF

### (Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing against Old Republic)

27.     Plaintiff restates and incorporates by reference the allegations set forth in paragraphs 1 through 20 as though set forth fully herein.

28.     Old Republic's Policy contains an implied covenant of good faith and fair dealing which provides, among other things, that no party thereto will do

Complaint for Declaratory Judgment

11

anything to injure the right of the other to receive the benefits of the Policy and prohibits Old Republic from unreasonably exercising any right under the Policy and/or from withholding benefits provided by the Policy and/or from failing to give at least as much consideration to the interests of Valero as it gives to the consideration of its own interests.

29.   Old Republic breached the implied covenant contained in its Policy in at least the following respects:

A.   By failing and refusing to mount or to fund a defense on behalf of Valero in the Underlying *Sanchez* lawsuit;

B.   By failing and refusing to conduct a fair, thorough and objective investigation of Valero's claim for defense coverage in connection with the Underlying *Sanchez* lawsuit;

C.   By engaging in a deliberate and purposeful misreading of the terms and provisions of its own Policy; specifically, among other things, turning a blind eye to extrinsic evidence of the OSHA citations which document numerous, serious violations of law by Eaton in connection with Eaton's work and services at the Valero Wilmington Refinery;

D.   By failing and refusing to communicate with Valero and/or to consider the information provided by Valero regarding bases for defense coverage under the Old Republic Policy;

E.   By improperly placing its own interests in avoiding or reducing the payment of defense expenses above the interests of Valero in receiving the Policy's benefit of a defense;

F.   By failing or refusing, upon proof of claim, to accept or deny the claim, in whole or in part, not later than forty (40) calendar days following receipt thereof;

////

Complaint for Declaratory Judgment

G.    By failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies; and

H.    By compelling Valero to file and prosecute this suit simply to obtain Policy benefits which are justly due.

30.    As direct and proximate results of Old Republic's acts and omissions Plaintiff is entitled to recover damages including the following:

A.    For attorneys' fees and costs paid or incurred by Valero in connection with defending the Underlying Sanchez lawsuits;

B.    For interest at the legal rate on all sums due from the date they should have been paid;

C.    For attorneys' fees and costs paid or incurred by Valero in the pursuit of the Policy's benefit of a defense to which Valero is entitled; and

D.    For other and further general and special damages according to proof at the time of trial.

**FOURTH CLAIM FOR RELIEF**

**(Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing Against Greenwich)**

31.    Plaintiff restates and incorporates by reference the allegations set forth in paragraphs 1 through 20 as though set forth fully herein.

32.    Greenwich's Policy contains an implied covenant of good faith and fair dealing which provides, among other things, that no party thereto will do anything to injure the right of the other to receive the benefits of the Policy and prohibits Greenwich from unreasonably exercising any right under the Policy and/or from withholding benefits provided by the Policy and/or from failing to give at least as much consideration to the interests of Valero as it gives to consideration of its own interests.

Complaint for Declaratory Judgment

33. Greenwich breached the implied covenant contained in its Policy in at least the following respects:

    A.    By failing and refusing to mount or to fund a defense on behalf of Valero in the Underlying *Sanchez* lawsuit;

    B.    By failing and refusing to conduct a fair, thorough and objective investigation of Valero's claim for defense coverage in connection with the Underlying *Sanchez* lawsuit;

    C.    Contrary to well-established California law, erroneously declining to provide a defense to Valero based on irrelevant information that some *other* carrier chose to honor its defense obligation;

    D.    Contrary to well-established California law, erroneously declining to provide a defense to Valero based on its perception of a factual dispute and/or doubt as to whether the occurrence alleged in the Underlying *Sanchez* Lawsuit arose out of EIU/Brinderson's work at the Valero Wilmington Refinery; related thereto, purposefully ignoring the principle that such factual disputes and/or doubts always implicate the duty to defend;

    E.    By failing and refusing to consider the information provided by Valero regarding bases for defense coverage under the Greenwich Policy;

    F.    By improperly placing its own interests in avoiding or reducing the payment of defense expenses above the interests of Valero in receiving the Policy's benefit of a defense; and

    G.    By compelling Valero to file and prosecute this suit simply to obtain Policy benefits which are justly due.

////

Complaint for Declaratory Judgment

34.     As direct and proximate results of Greenwich's acts and omissions Plaintiff is entitled to recover damages as follows:

    A.    For attorneys' fees and costs paid or incurred in by Plaintiff in connection with defending the underlying *Sanchez* lawsuits;

    B.    For interest at the legal rate on all sums due from the date they should have been paid;

    C.    For attorneys' fees and costs paid or incurred by Plaintiff in the pursuit of the Policy benefit of a defense to which they are entitled; and

    D.    For other and further general and special damages according to proof at the time of trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### On the First and Second Claims for Declaratory Judgment

1.     For declaration that each Plaintiff is an additional insured under the respective Policies issued by Old Republic and Greenwich; and

2.     For declaration that Old Republic and Greenwich are obligated to defend Plaintiff in connection with the Underlying *Sanchez* Lawsuit.

### On the Third and Fourth Claims for Breaches of the implied Covenants of Good Faith and Fair Dealing

3.     For attorneys' fees and costs paid or incurred by Plaintiff in connection with defending the Underlying *Sanchez* lawsuits;

4.     For interest at the legal rate on all sums due from the date they should have been paid;

5.     For attorneys' fees and costs paid or incurred by Plaintiff in the pursuit of the Policy's benefit of a defense which is justly due; and

6.    For such other and further general and special damages according to proof at the time of trial.


                                    Respectfully submitted,

Dated: September 1, 2020           COLLINS | FORD, LLP



                          BY:    s/ Michael D. Collins
                                 MICHAEL D. COLLINS
                                 WILLIAM H. FORD, III
                                 Attorneys for Plaintiff


## DEMAND FOR TRIAL BY JURY


    Pursuant to Rule 38(b), Federal Rules of Civil Procedure and Local Rule 3.4.10.1, Plaintiff hereby demands trial by jury.


Dated: September 1, 2020           COLLINS | FORD, LLP



                          BY:    s/ Michael D. Collins
                                 MICHAEL D. COLLINS
                                 WILLIAM H. FORD, III
                                 Attorneys for Plaintiff


Complaint for Declaratory Judgment